IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADAM LESLIE MOORE, )<br>)<br>Defendant. ) | No. 23-03027-01-CR-S-BP |

## ORDER

Before the Court is the Motion to Sever Defendant Adam Moore. (Doc. 108.) Moore moves for an order to sever his case and grant him a separate trial. The Government filed Suggestions in Opposition. (Doc. 114.) Moore did not file a reply and the time to do so has passed. Upon review, the Motion to Sever will be denied.

### I. Background

On October 18, 2023, a ten-count Superseding Indictment was returned against Moore and three co-defendants alleging crimes related to the distribution of fentanyl. (Doc. 40.) Count 1 charges all four defendants with conspiracy to distribute 40 grams or more of fentanyl from February 1, 2022, to October 17, 2022, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Moore is also charged in Counts 2, 4, and 5 with distribution of fentanyl on February 28, 2022, April 13, 2022, and May 5, 2022, respectively, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

### II. Discussion

Moore argues that failure to grant a severance will prejudice him. First, he claims that there are irreconcilable defenses, because the co-defendants will try to blame him as the number 1

defendant.  He also contends the large amounts of multiple kinds of drugs, guns and money alleged as to the co-defendants will lead to a spillover effect prejudicing his defense.  The Government responds that joinder is proper and Moore cannot demonstrate the severe or compelling prejudice necessary to warrant severance.  (Doc. 114 at 1.)

Rule 8(b) of the Federal Rules of Criminal Procedure establishes the requirements for joinder of two or more defendants in the same indictment.  Defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id.*  However, Rule 14(a) permits the court to sever defendants' trials, even though joinder may otherwise be proper under Rule 8, "[i]f the joinder of … defendants in an indictment … appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).

"The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989).  To that end, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Joint trials are favored because "[t]rying codefendants together not only conserves scarce time and resources, but also gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (cleaned up).

Nonetheless, the Court may sever trials "upon a showing of real prejudice to an individual defendant." *United States. v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010); *Zafiro*, 506 U.S. at 539 (stating that severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from

making a reliable judgment about guilt or innocence"). A defendant may show real prejudice to his right to a fair trial by demonstrating "(a) his defense is irreconcilable with that of his codefendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (cleaned up); *see also Hively*, 437 F.3d at 765 (explaining that prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect."). A defendant carries a heavy burden of showing that severance is mandated. *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002).

In support, Moore asserts that other than Count 3 of the Superseding Indictment, which charges co-defendant Nathaniel Thompson with distribution of fentanyl on March 10, 2022, Counts 6 through 10 charge the co-defendants with individual acts of distribution occurring between June 1, 2022, and October 17, 2022. But, according to Moore, on May 17, 2022, he was arrested, and he was detained from then until his arrest in this case on March 14, 2023. He further argues that he has seen no discovery indicating he had any involvement in any criminal activity after May 17, 2022, nor has he seen any direct evidence connecting him to any of the co-defendants. Lastly, he posits that there were several search warrants and traffic stops involving large amounts of drugs, guns and money that were executed after he was arrested and detained.

In response, the Government states that evidence will be presented at trial that Moore was distributing fentanyl in a hierarchy, acting as a source of supply for co-defendant Thompson, who then acted as a source of supply for the other two co-defendants. Thus, should severance be granted, the Government would be required to present the same evidence at multiple trials to

3

support the conspiracy charges and amounts of fentanyl involved.

First, in the undersigned's view, joinder appears proper. The Superseding Indictment alleges that between February 1, 2022, and October 17, 2022, Moore and the co-defendants "knowingly and intentionally conspired and agreed with one another and with other persons, known and unknown to the Grand Jury, to distribute 40 grams or more of … (fentanyl)." (Doc. 40 at 1-2.) The general rule is that "persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Mueller*, 661 F.3d at 347 (8th Cir. 2011). Here, Moore and the co-defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses, making joinder proper under Rule 8(b).

Furthermore, the undersigned concludes that severance is not necessary. Although Moore argues that prejudice will result from "irreconcilable differences" because the co-defendants will try "to blame him as the number 1 defendant," he fails to explain how this would be irreconcilable with his defense, which he does not specify. Notably, the Government alleges that Moore was at the top of a hierarchy, supplying fentanyl to the co-defendants below him. And, Moore's May 17, 2022 arrest and subsequent detention does not automatically terminate his liability for the actions of a conspiracy. *See United States v. Hodge*, 594 F.3d 614, 619-20 (8th Cir. 2010) ("Although incarceration may constitute withdrawal from a conspiracy, it does not necessarily terminate an individual's liability for the actions of a conspiracy. Absent an affirmative act of withdrawal, a defendant remains liable for the actions of a conspiracy that were reasonably foreseeable.")

As for Moore's other contention that the large amounts of multiple kinds of drugs, guns and money alleged as to the co-defendants will lead to a spillover effect prejudicing his defense, the undersigned again does not agree with this vague assertion. "Mere disparity of evidence

4

against codefendants or the alleged prejudicial spillover effect of evidence against a codefendant are not grounds for severance absent a showing that the jury will be unable to compartmentalize the evidence against each individual defendant." *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996). First, in addition to the conspiracy charge, Moore himself is charged individually with distribution of fentanyl in three separate counts on three separate dates. In contrast, each co-defendant is charged individually in two separate counts with either possession with intent to distribute fentanyl or distribution of fentanyl, fewer individual charges than Moore. Notably, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008). Also, the risk of prejudice can be reduced by instructions directing the jury "to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998).

Based on the foregoing, the undersigned finds that Moore has failed to meet his heavy burden of showing the real prejudice that mandates severance. Therefore, the Motion to Sever is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: May 16, 2024